UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BENEDICT W. TALBOT, JR.,**

    **Plaintiff,**

v.                                                      Case No:  5:11-CV-178-Oc-PRL

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

_____

**ORDER**

This cause is before the Court on Plaintiff's Motion for Approval of Undersigned Counsel's Contingency Fee Contract with Plaintiff Talbot, which Provides for a Fee of 25 Percent of Plaintiff Talbot and his Family's Past Due Benefits; for an Award of Attorney's Fees and Equal to 25 Percent of Plaintiff Talbot and his Family's Past Due Benefits Pursuant to 42 U.S.C. § 406(b)(1); Less any EAJA and 406(a) Attorney Fees Paid to or Expected by Undersigned Counsel and, for a 14-Day Extension of Time Within Which to Inform the Court Whether or Not the Defendant Objects to this Fee. (Doc. 35). Defendant has responded representing that it has no objection to the requested fees in the amount of $39,147.23. (Doc. 37). For the reasons discussed below, Plaintiff's Motion (Doc. 35) is **GRANTED** and the attorney's fees requested are approved in the total sum of **$39,147.23.**

**I. BACKGROUND**

This case has been ongoing for over eight years. On August 10, 2004, Plaintiff filed an application for social security disability insurance benefits, which was denied initially and on reconsideration. (Doc. 35, ¶¶ 2-3). Subsequently, on May 26, 2005, Plaintiff retained Mr. Bacharach, to represent him and entered into a contingency fee agreement, wherein Plaintiff

agreed to an attorney fee equal to 25 percent of any past-due benefits awarded to Plaintiff and his family. (Doc. 35-2). Plaintiff's counsel represented him at a hearing before an Administrative Law Judge ("ALJ") on August 3, 2006, in which he received an unfavorable decision. (Doc. 35, ¶¶ 4-5). Plaintiff then requested a hearing before the Appeals Council, which was denied. (Doc. 35, ¶ 6). Subsequently, on May 28, 2008, this Court affirmed the Commissioner's denial of benefits, which Plaintiff appealed to the Eleventh Circuit. (Doc. 35, at ¶¶ 7-8). The Eleventh Circuit vacated and remanded the Commissioner's decision and awarded Counsel attorney's fees under the Equal Access to Justice Act ("EAJA") in the sum of **$6,864.24**, for hours spent representing Plaintiff. (Doc. 35, n.1, ¶ 8). On remand, the ALJ again issued an unfavorable decision. (Doc. 35, ¶ 9).

Thereafter, Plaintiff appealed to this Court and after the issues were briefed by the parties, the Court held a hearing and reversed and remanded this matter for further proceedings on March 15, 2012. (Doc. 29). Subsequently, on June 11, 2012, the Court awarded Counsel attorney's fees under the EAJA in the sum of **$3,055.28**, for hours spent representing Plaintiff before the Court. (Doc. 33).

On remand, the ALJ issued a fully favorable decision and it was determined that Plaintiff was owed $186,664.00 and his wife was owed $21,603.00 (totalling $208,267.00) in past-due benefits. (Doc. 35, ¶¶ 14). Plaintiff was also awarded ongoing benefits and medical coverage. (Doc. 35, at 9). On September 26, 2012, the Social Security Administration issued a "Notice of Award" letter to Benedict Talbot notifying him that it withheld $49,066.75 of the award for attorney's fees, and on that same date, issued a "Notice of Award" letter to Plaintiff's wife notifying her that it withheld $5,400.75 of the award for attorney's fees. (Doc. 35-1). Subsequently, on October 10, 2012, Plaintiff filed the instant Motion (Doc. 35) seeking

$39,147.23, in attorney's fees, pursuant to the contingency agreements dated May 26, 2012 and December 1, 2010.  (Doc. 35-2).

Based on an initial review of Plaintiff's Motion, the Court determined that it did not have enough information to determine the reasonableness of Plaintiff's requested fees and directed Plaintiff to provide the Court additional information.  (Doc. 39).  In response, Plaintiff filed the Unsworn Declaration of Benedict W. Talbot, Jr., Under Penalty of Perjury (Doc. 40), his Response to this Court's Order of October 31, 2012 (Doc. 41),  and Supplemental Response to This Court's Order October 31, 2012 (filed under seal).

## II. DISCUSSION

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*

As required by *Gisbrecht v. Barnhardt* – the Supreme Court's most recent pronouncement concerning the award of § 406(b) fees – courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.  *Gisbrecht*, 535 U.S. 789, 808 (2002).  "A contingent-fee agreement is not *per se* reasonable.  Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005).  As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately

compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fees are out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees, although large, are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Plaintiff's counsel has submitted the affidavit of Plaintiff, in which Plaintiff joins in the request with his counsel for payment of the requested fees, thus evidencing that payment is neither unfair nor detrimental to the claimant. Accordingly, the Court gives substantial weight to the Declaration of Benedict W. Talbot, Jr., who avers that he has been informed of his right to object to counsel's fee and that he may consult with independent counsel. Nevertheless, Mr. Talbot states that:

> If Mr. Bacharach had not agreed to represent me, on a contingent fee basis, and brought my claim against the Social Security Administration before this Court two times and appealed the first decision to the Eleventh Circuit, my wife and I would never have received a penny of that $208,267.00 in past due benefits; I would not have a monthly income for the rest of my life; my wife would not be receiving a monthly income; and, I would not have Medicare coverage.

Mr. Talbot further avers that he is "well pleased with Mr. Bacharach's representation and the results" he achieved and that he has "absolutely no objection" to Mr. Bacharach being awarded $39,147.23, he has requested.

The affidavit of Plaintiff convinces the Court that Mr. Talbot has been fully and adequately informed of the nature of these proceedings. Further, and most notably, Mr. Talbot represents that he understands the requested fees will be paid from the past due benefits he was awarded – and which are being held in escrow by the Social Security Administration – and that he fully supports payment to his counsel of the requested fees. The rationale behind *Gisbrecht's* requirement that the Court test the fee for reasonableness was to "protect claimants against inordinately large fees." Accordingly, Plaintiff's statement that he fully supports payment of the entire fee is compelling evidence that the fees requested by counsel in this case satisfy the guidelines in *Gisbrecht* and will not result in a "windfall" to Plaintiff's counsel.

### III. CONCLUSION

Accordingly, for these reasons, Plaintiff's Motion (Doc. 35) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel in the sum of **$39,147.23.** to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration. In addition, Plaintiff's counsel is directed to return to Plaintiff the sum of **$9,919.52**, representing the EAJA fees that previously were awarded to counsel.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on December 13, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to: All Counsel